191 F.3d 588 (5th Cir. 1999)
 LEONARD G. GUZZINO, ET AL., Plaintiffs
v.
JODY M. FELTERMAN, ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
GARY MASSICOT, Plaintiff-Appellee,
v.
JODY M. FELTERMAN, ET AL., Defendants
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
GLENDA RICE, individually and as administrator for her two minor children; RICE CHILDEN TRUST, on behalf of Rena Deslatte; RICE ELECTRONICS, INC; RICE ELECTRONICS OF TEXAS, INC; DAVID P. RICE, individually and as administrator for his two minor children, Plaintiffs-Appellees,
v.
JODY M. FELTERMAN, ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
C. KEITH VISCARDIS; PHYLLIS VISCARDIS; DENNIS BUSINELLE, Plaintiffs-Appellees,
v.
JODY M. FELTERMAN, ET AL., Defendants, DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
SHANNA HEBERT; KEVIN HEBERT; RAYMOND VERRETT; MRS. RAYMOND VERRETT; CLARENCE E. LASSITER; MRS. CLARENCE E. LASSITER; IVY ST. ROMAIN, JR; E.J. MASON; MRS. E.J. MASON; RICK MASON; JOYCE B. LASSEIGNE; JERRY M.LIPARI; MRS. JERRY M. LIPARI; LUCY LIPARI; COLLINS PELLEGRIN, JR; MRS. COLLINS PELLEGRIN, JR; CRYSTAL PELLEGRIN, individually and on behalf of Stephanie Suire; TROY HATCH; MRS. TROY HATCH; ROBERT N. HUGHES; MRS. ROBERT N. HUGHES; PENNY HEBERT; PATRICK HEBERT; GORDON BILLIOT; MRS. GORDON BILLIOT; SIDNEY P. HEBERT, SR; MRS. SIDNEY P. HEBERT, SR; JERRY JACKSON; AUDREY JACKSON; FORREST CALLAIS; MRS. FORREST CALLAIS; RONALD FROMENTHAL; MRS. RONALD FROMENTHAL; STERLING HEBERT; MRS. STERLING HEBERT; ERROLL J. THERIOT; HELEN THERIOT; NEWTON VERRETT; MRS. NEWTON VERRETT; ALEX GIROIR; MRS. ALEX GIROIR; CLARENCE P. HEBERT, SR; MRS. CLARENCE P. HEBERT, SR; WILLOW JEAN GANAWAY; PETER VANDEN-AARDWEG; GERALD CRAPPELL; MRS. GERALD CRAPPELL; OPAL JOUBERT, individually and as
Testamentary Executrix on behalf of Randy Joubert, Sr. Estate, Plaintiffs-Appellees,
v.
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Defendant/Cross-Defendant Appellee.
LEVY B. ROY; IRIS ROY, Plaintiffs-Appellees,
v.
ABC INSURANCE CO., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Appellant
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Third-Party Defendant/Appellee.
PETER VANDEN-AARDWEG, Plaintiff-Appellee,
v.
DEAN WITTER REYNOLDS, INC., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
RUDY SPARKS; DIANE SPARKS, Plaintiffs-Appellees,
v.
ABC INSURANCE CO., ET AL., Defendants
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/ Appellees,
and
JODY M. FELTERMAN, Third-Party Defendant/Appellee.
TRAVIS ROY; TIFFANY ROY, Plaintiffs-Appellees,
v.
DEAN WITTER DISCOVER AND CO., formerly known as Dean Witter Reynolds, Inc., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Third-Party Defendant/Appellee.
ROBERT ADAMS, III, Plaintiff-Appellee,
v.
DEAN WITTER DISCOVER AND CO., formerly known as Dean Witter Reynolds, Inc., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Third-Party Defendant/Appellee.
JERRY F. ADAMS, Plaintiff-Appellee,
v.
DEAN WITTER DISCOVER AND CO., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Appellant
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Third-Party Defendant/Appellee.
GERALD CRAPPELL; PENNY CRAPPELL, Plaintiffs-Appellees,
v.
DEAN WITTER REYNOLDS, INC., ET AL, Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
D. LEE FELTERMAN; JAN B. FELTERMAN, Plaintiffs-Appellees,
v.
DEAN WITTER DISCOVER AND CO., formerly known as Dean Witter Reynolds, Inc., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Third-Party Defendant/Appellee.
DANIEL C. FELTERMAN; LINDA B. FELTERMAN, Plaintiffs-Appellees,
v.
DEAN WITTER DISCOVER AND CO., formerly known as Dean Witter Reynolds, Inc., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff-Appellant
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Third-Party Defendant/Appellee.
MARIJEANNE CHRISTIE, ET AL., Plaintiffs, ROBERT S. ROBERTSON, Plaintiff-Appellee,
v.
JODY M. FELTERMAN, ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
MURRAY DUVAL; ANNA JEAN DUVAL, Plaintiffs-Appellees,
v.
JODY M. FELTERMAN, ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J.LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
SEBASTIAN J. CARDINALE, Plaintiff-Appellee,
v.
JODY M. FELTERMAN, ET AL., Defendants,
DEAN M. WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
JEFFREY CARDINALE, Plaintiff-Appellee,
v.
DEAN WITTER REYNOLDS, INC., ET AL., Defendants,
DEAN WITTER REYNOLDS, INC., Defendant/Third-Party Plaintiff Cross-Claimant/Appellant,
v.
PETER J. LIPARI; PATTERSON STATE BANK; WHITNEY HOLDING CORP., Third-Party Defendants/Appellees,
and
JODY M. FELTERMAN, Cross-Defendant/Appellee.
         No.98-30222.
         United State Court of Appeals, Fifth Circuit.
         Sept. 30, 1999.
 
 Appeal from the United State District Court for the Western District of Louisiana.
 Before POLITZ and JOLLY, Circuit Judges, and BARBIER, District Judge.*
 POLITZ, Circuit Judge:
 
 
 1
 Dean Witter Reynolds, Inc. appeals the trial court's remand order issued under the discretionary provision of 28 U.S.C. S 1367(c). Plaintiffs counter that the court lacks jurisdiction to hear the appeal and, joined by the third-party defendants, contend that the trail court acted within its discrection in ordering the remand. For the reason agginged, we dimiss the appeal, affirm in part, and vacate and remand in part.
 
 BACKGROUND
 
 2
 This case arose from the lillegal conduct of a Dean Witter stockbroker, Jody M. Felterman. Felterman conducted a Ponzi[1] scheme designed to bilk investors of their money and, when his activities were discovered, pleaded guilty to money laundering and wire fraud. The many investors-the plaintiffs in this litigation-brought suit in Louisiana state court against Felterman and Dean Witter. Dean Witter filed a third-party complaint against two banks in which Felterman maintained accounts and the president and chief executive officer of one of these banks.[2]
 
 
 3
 Plaintiffs were grouped according to the names of their attorneys: the Baldwin and Haspel plaintiffs; the Stansbury plaintiffs; the Wright plaintiffs; theVeraggi plaintiffs; and the Rice plaintiffs. Dean Witter successfully removed all cases to federal court on the basis of federal question jurisdiction. Plaintiffs' complaints, other than those filed by the Stansbury plaintiffs, alleged RICO[3] and federal securities violations. The action were consolidated and the court scheduled nine[4] plaintiffs for trail. After active litigation for approximately two years, the court granted Dean Witter's motion to dimiss or motion for summary judgment on all federal and some state claims of the nine plaintiffs set for trail. Anticipating the inevitable, all remaining plaintiffs, with the exception of five Versaggi plaintiffs, voluntarily dismissed their federal claims against Dean Witter. Plaintiffs also abandoned their claims against Feltermam, who, unlikeDean Witter, had not asked the court to enter judgment in his favor on any of plaintiffs' claims.[5] As a result, no federal claims remained pending, other than those by the Versaggi plaintiffs, and plaintiffs moved the trial court to remand the case to the state court. From this ruling, Dean Witter appeals.
 
 ANALYSIS
 
 4
 At the threshold we pause to consider the challenge to our appellate jurisdiction. Our pause need only be brief. Plaintiffs suggest that the trail court should have remanded under the authority of 28 U.S.C. § 1447(c), an order for which appellate review is precluded by 28 U.S.C. § 1447(d). They further contend that a decision to remand under 28 U.S.C. § 1367(c) is reviewable only by a petition for writ of mandamus. Both propositions are foreclosed by our jurisprudence.[6] We have jurisdiction to review this appeal.
 
 
 5
 Alternatively, plaintiffs and third-party defendants submit that the remand order fell within the court's discretionary powers. Section 1387 provides in pertinet part as follows:
 
 
 6
 (a) Except as provided in subsections
 
 
 7
 (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution...
 
 
 8
 (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
 
 
 9
 (1) the claim raises a novel or complex issue of State law;
 
 
 10
 (2) the claims Substantially predominates over the claim or claims over which the district court original jurisdiction; or
 
 
 11
 (4) in exceptional circumstances there are other compelling reason for declining jurisdiction.[7]
 
 
 12
 The Supreme Court in United Mone Workers v. Gibbs[8] has instructed federal courts that the justtification for pendent jurisdiction
 
 
 13
 lies in considerations of judicial economy, convenieence and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply staet law to them. Needless decisions of state law should be avoided both as a matter of comity and to promte justice between the parites, by procuring for them a surerfooted reading of applicable law. Certainly, if the federal claims are dismissed before trail, even thought not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.[9]
 
 
 14
 The Gibbs test is a flexible one, under which courts should conduct a fact-specificinquiry, considering the totality of circumstances of each case.[10]
 
 
 15
 The trial court noted the general rule favoring dismissal of state claims when the federal claims to which they are pendent are dismissed.[11] Further, the trial court stressed that about seventy related cases remained pending in state court and suggested that it would be desirable for all cases to be considered by a single court, thus facilitating settlement, conserving judicial resources, and avoiding the risk of inconsistent rulings. A mediation between the parties may have failed in part because of the unresolved state cases. The trail court observed that the discovery conducted in federal court likely would be available for use in state court and that the parties' other preparatory steps for trial would not be wasted. Finally, the trial court referred to a "myriad of unique state law issue," which also counseled against retaining the cases in federal court.
 
 
 16
 Dean Witter vigorously argues that the trial court exceeded its discretionary authority in remanding the cases. It insists that the intensive, protracted pretrial preparation in federal court brings this case within the rubric of Newport Ltd. v. Sears, Roebuck and Co.,[12] where we reversed the trial court's remand order in light of substantial judicial and party resources devoted to the litigation in the federal forum. Futher, Dean Witter disputes the trial court's conclusion that state law issue remaining in the case are particularly novel. Chaging plaintiffs with engaging in blatant forum manipulation by dismissing the federal claims against Felterman, and accusing the third-party efendants of supporting remand in order to revisit adverse ruling by the federal court, Dean Witter urges that remanding the cases would invite duplicative, possibly conflicting rulings and would reward unseemly machinations in the courts.
 
 
 17
 In evaluating Dean Witter's arguments-which are not wholly lacking in persuasive force-we are mindful of the wide discretion vested in the trial court to order a remad of state claims on the heels of a dismissal of federal claims.[13] While it is true that substantial pretrial activity was had following removal, the trial court observed that much of its invovement in the cases related to resolving plaintiffs' work product could be taken, with little loss, to the state litigation. Further, this action is redily distinguishable from Newport-here there are seventy related pending cases in state court. This is no small matter. We agree with the trial court that this circumstance heavily supports a remand, eliminating the disfavored prospect of state and federal proceedings running on parallel, and possibly nonharmonious tracks. Thus, even if, as Dean Witter represents, the state law implicated by the case is prosaic, considerations relating to conservation of and respect for judicial resources and interests of comity and federalism markedly tip the balance in favor of a remand.
 
 
 18
 Dean Witter suggests that those seeking a remand are engaged in forum manipulation. We are not persuaded. The trail court considered and rejected this contention, nothing:
 
 
 19
 The plaintiffs get to pick the claims they want to make unless they are blatantly forum shopping. I don't think that we are looking at that. I think they would have loved to have stayed here and fought their RICO and [federal] securities claims; but once they lost them, then they [sic] would like to go back.Further, the trial court stated that "considering this [c]ourt's rulings dismissing the same federal claims against Dean Witter,.... it is not surprising that plaintiffs would dismiss the federal claims against... Feltermaan, which are at best hollow."
 
 
 20
 Similarly, to the extent that the status of the state cases- which impeded settlement, according to the trial court-factored into decision to remand, we are persuaded that Dean Witter suffered no prejudice. The trial court cited various reasons for the remand, and this "extrarecord" observation was only one of many. We have no hesitation whatever in accepting the inference that the pendency of a large number of related cases would have a chiling effect on the consummation of a settlement which did not include those cases.
 
 
 21
 Finally, our review of the total record, in light of the briefs and oral arguments of counsel, convinces us that the trial court did not abuse its discretion in entering the remand order. The order, however, is too embracive. The remand order is based on the court's belief that only state law claims remained in any of the remanded actions. That understanding incorrect. The actions involving the Versaggi plaintiffs have outstanding federal claims against Dean Witter. We must therefore vacate and remand the order of the trial court as it relates to the actions by the Varaggi plaintiffs. On remand the district court will be free to consider anew a remand request should the federal claims issue be ersolved so as to permit such. In all other respects the remand order applealed is affirmed.
 
 
 22
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 NOTES:
 
 
 *
 District Judge of the Eastern District of Louisiana, sitting by designation.
 
 
 [1]
 The term was coined from the last name of the swindler in Cunningham v. Brown, 265 U.S. 1, 68 L. Ed. 873, 44 S. Ct. 424 (1924).
 
 
 [2]
 The third-party defendants are: First National Bank in St. Mary Parish, merged into Whitney National Bank; Patterson State Bank; and President and Chief Executive Officer of Patterson State Bank, Peter J. Lipari.
 
 
 [3]
 Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 et seq.
 
 
 [4]
 There exists some confusion as to whether the correct number is nine or seven. As the discrepancy does not impact our analysis of the issues, we will simply assume (as the parties do) that the correct number is nine.
 
 
 [5]
 It appears that Felterman may now be impecunius.
 
 
 [6]
 Burks v. Amerada Hess Corp., 8 F.3d 301 (5th Cir. 1993), abrogated on other grounds by Giles v. NYLCare Health Plans, Inc., 172 F.3d 332 (5th Cir. 1999); Doddy v. Oxy USA, Inc., 101 F.3d 448 (5th Cir. 1996); Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100 (5th Cir. 1996) (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 135 L. Ed. 2d 1, 116 S. Ct. 1712 (1996)).
 
 
 [7]
 28 U.S.C. 1367(a), (c).
 
 
 [8]
 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).
 
 
 [9]
 Id. at 726 (footnotes and citations omitted).
 
 
 [10]
 See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 98 L. Ed. 2d 720, 108 S.Ct. 614 (1988).
 
 
 [11]
 See Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580 (5th Cir. 1992).
 
 
 [12]
 941 F.2d 302 (5th Cir. 1991).
 
 
 [13]
 Robertson v. The Neuromedical Center, 161 F.3d 292 (5th Cir. 1998), cert. denied, 143 L. Ed. 2d 671, 119 S. Ct. 1575 (1999).