IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40706
Summary Calendar
_____

SELENA M. SLAUGHTER,

Plaintiff-Appellant,

VERSUS

WEINER'S STORES, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-3
--------------------
May 31, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Selena M. Slaughter and Weiner's Stores, Inc. ("Weiner's") challenge the district court's sua sponte decision to remand the instant case to the state court where it was originally filed. The parties argue that remand was error and that this court has jurisdiction to review the district court's remand order.

The district court's final order specifies that remand was done pursuant to 28 U.S.C. § 1441(c); consequently, this court has jurisdiction to review the remand order. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326 n.19 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1998), <u>cert.</u> <u>denied</u>, 119 S. Ct. 798 (1999); <u>Eastus v. Blue Bell Creameries, L.P.</u>, 97 F.3d 100, 103-04 (5th Cir. 1996)p; 28 U.S.C. §§ 1441(c), 1447(c) and (d). The district court's remand order is reviewed for an abuse of discretion. <u>Metro Ford</u>, 145 F.3d at 326.

A review of the record indicates that the district court abused its discretion in remanding the entire case. Slaughter's federal claims should not have been remanded. <u>See</u> <u>Burks v. Amerada Hess Corp.</u>, 8 F.3d 301, 304 (5th Cir. 1993), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Giles v. NYLCare Health Plans, Inc.</u>, 172 F.3d 332, 337-38 (5th Cir. 1999). Her state-law claims similarly should not have been remanded since they were not "separate and independent" of the federal claims. <u>See</u> § 1441(c); <u>Eastus</u>, 97 F.3d at 105. Accordingly, the district court's remand order is VACATED and the case is REMANDED for further proceedings.

VACATED AND REMANDED.