**Norman B. GILLIS, Jr., D/B/A Pike Ctr Mart Shopping Center Plaintiff**

v.

**The GREAT ATLANTIC & PACIFIC TEA CO., INC. and R&M FOODS Defendants.**

**No. CIV.A. 3:00CV829WS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 12, 2001.

---

Wayne Dowdy, Magnolia, MS, for plaintiff.

Steven J. Allen, Brunini, Grantham, Grower & Hewes, Jackson, MS, J. Robert Ramsay, Bryant, Clark, Dukes, Blakeslee, Ramsay & Hammond, Hattiesburg, MS, for defendants.

### ORDER REMANDING CASE TO STATE COURT

WINGATE, District Judge.

Before the court is plaintiff's motion to remand this lawsuit to the Chancery Court of Pike County, Mississippi, pursuant to the dictates of Title 28 U.S.C. § 1447(c)[1]. The Great Atlantic & Pacific Tea Co., Inc., defendant herein, removed this lawsuit from state court to this federal court under Title 28 U.S.C. §§ 1332[2] and 1446,[3] claiming that the plaintiff fraudulently had joined the other defendant, R&M Foods, a resident of Mississippi, in order to defeat complete diversity of citizenship, a circumstance under § 1332 which would provide this court subject jurisdiction over this dispute. Plaintiff, Norman B. Gillis, Jr., d/b/a Pike CTR Mart Shopping Center, and defendant, The Great Atlantic & Pacific Tea Co., Inc., are of diverse citizenship. So, the sole question here is whether the diversity-destroying presence of R&M Foods is here proper. After having reviewed the motion, the parties' briefs, and having heard oral arguments, this court finds that the plaintiff's motion to remand is well taken for the reasons which follow.

In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. If there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996); and *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Furthermore, the federal removal statutes are to be construed strictly against removal and for remand. *Eastus v. Blue Bell*

---

1. Title 28 U.S.C. § 1447(c) provides in pertinent part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

2. Title 28 U.S.C. § 1332 states in pertinent part:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between -
   (1) citizens of different States ....

3. Title 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons ... whichever period is shorter."

*Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996), citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Leffall v. Dallas Independent School Dist.,* 28 F.3d 521, 524 (5th Cir.1994), citing *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986) (removal statutes are to be strictly construed against removal).

■ In the instant case the defendant asks this court to refer only to the allegations of the plaintiff's complaint, since a plaintiff's state court pleading controls removability. *Paxton v. Weaver,* 553 F.2d 936, 938 (5th Cir.1977). According to the defendant, The Great Atlantic & Pacific Tea Company (hereinafter "A&P"), as the lessee pursuant to a lease with the plaintiff, is the sole party in interest to the plaintiff's state court lawsuit which seeks to cancel a lease and to take possession of the property in question. The defendant acknowledges that, while A&P leases the property in question from the plaintiff, it is the defendant R&M Foods that actually occupies the property and who would have to be evicted if the plaintiff prevails on the issue of the lease being cancelled. The defendant then submits that the plaintiff's complaint raises no claim under Mississippi law against R&M Foods, notwithstanding that the plaintiff's complaint seeks to repossess the property in question. This court does not agree.

■ The defendant, as the removing party, bears the burden of demonstrating that there has been a fraudulent joinder of R&M Foods. *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989). This means that the defendant must show that there is no possibility that a claim under Mississippi law can be maintained against R&M Foods. Under Mississippi law, a landlord will not be precluded from recovering rent from a sublessee after the lessee has defaulted. *See Shell Petroleum*

*Corp. v. Yandell,* 172 Miss. 55, 158 So. 787, 787 (1935) (where failure to notify sublessee of lessee's default did not prejudice sublessee with knowledge of the lessee's default). The Mississippi Supreme Court has held that "there is no specific formula or prescription whereby the rights of lessor and lessee can be scientifically determined. The facts, circumstances and relationship of the parties in the particular case must be evaluated in order to decide this frequently confounding question." *Koch v. H & S Development Co.,* 249 Miss. 590, 623, 163 So.2d 710, 724 (Miss.1964). The Court also has held that where a lessee, in a lease requiring the lessor to furnish some benefit, sublet the premises, subject to the rights of the original lease, the sublessee becomes entitled to the benefits of the original lease. *See Hairston v. Montgomery,* 102 Miss. 364, 59 So. 793 (1912). And, where a party with an interest in real property was not included in litigation to determine the rights of all interested parties, the Mississippi Supreme Court stated that "[i]t is well settled that all persons needed for just adjudication should be joined as a party in the action...." *See Aldridge v. Aldridge,* 527 So.2d 96, 98 (Miss.1988).

■ In the instant case R&M Foods is in possession of the property in question. The plaintiff's complaint seeks to take possession of that property. Certainly, the rights of the defendant R&M Foods may be affected by the plaintiff's lawsuit, and R&M Foods clearly may be needed as a party in the case in order to reach a just adjudication. Therefore, this court finds that the defendant R&M Foods has not been named fraudulently as a defendant in this cause and complete diversity is not present. This court hereby remands this case to the Chancery Court of Pike County, Mississippi, in accordance with Title 28 U.S.C. § 1447(c) which allows remand for

lack of subject matter jurisdiction. *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 103 (1996).