Wilbur KOLLMEYER Plaintiff

v.

WTVA, INC. Defendant

No. 1:02 CV 355–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Oct. 15, 2003.

David S. Van Every, Columbus, MS, for Wilbur Kollmeyer, plaintiff.

Tacey Clark Clayton, Mitchell, McNutt & Sams, Tupelo, MS, Berkley N. Huskison, Mitchell McNutt & Sams, Columbus, MS, for WTVA, Inc., defendant.

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

DAVIDSON, Chief Judge.

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

### A. Factual and Procedural Background

The Plaintiff, Wilbur Kollmeyer, began working as Sports Director at the Defendant WTVA, Inc., a Tupelo-based television station, in July of 1983. His employment continued at WTVA until he resigned in August of 2001. At the time of his resignation, the Plaintiff inquired about what he claimed were 71 remaining days of overtime he had worked during his eighteen-year tenure at the station. During his employment, the Plaintiff had regularly received a "compensation day" (paid time off) for each overtime day he worked. After the parties were unable to amicably resolve this issue, the Plaintiff filed this suit in the Circuit Court of Lowndes County; the Defendant subsequently removed the case to this court.

The Plaintiff's complaint asserts claims under the Fair Labor Standards Act (FLSA) for the Defendant's failure to pay him overtime pay during his tenure. The Plaintiff also asserts a state law breach of contract claim for alleged promises made in connection with his overtime work. The Defendant has now filed a motion for summary judgment, seeking judgment as a matter of law as to the Plaintiff's pending claims.

## B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. That burden is not discharged by mere allegations or denials. Fed. R.Civ.P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## C. Discussion

### 1. The FLSA's Small Market Exemption

The FLSA generally requires employers to pay overtime pay to employees who work more than 40 hours in a week. 29 U.S.C. § 207(1); *Thibodeaux v. Executive Jet Int'l, Inc.*, 328 F.3d 742, 749 (5th Cir. 2003). There are specific exemptions to the overtime requirements, however, including an exemption for certain employees in the field of radio or television broadcasting. Specifically, Section 213(b)(9) of the FLSA provides that:

> [t]he provisions of ... this title shall not apply with respect to—any employee employed as an announcer, news editor, or chief engineer by a radio or television station the major studio of which is located in a city or town of one hundred thousand population or less, according to the latest available decennial census figures ... except where such city or town is part of a standard metropolitan statistical area ... which has a total population in excess of one hundred thousand
> ...

*See* 29 U.S.C. § 213(b)(9); 29 C.F.R. § 793.2 (1992). Here, the Plaintiff does not dispute that the facts of this case fit squarely within the FLSA's "small market exemption," but instead argues that the Defendant has waived its right to rely on the exemption, and also argues that the small market exemption has outlived its usefulness and should be revoked. The Plaintiff cites no persuasive authority in support of his arguments, however, and the court finds those arguments to be without merit.

It is undisputed that the Defendant is a television station, and that its major studio is located in Tupelo, Mississippi, a city with a population of 34,211 residents, according to the 2000 Census; Tupelo is also not a part of any standard metropolitan statistical area. It is also undisputed that

the Plaintiff was employed by the Defendant as its Sports Director, and that his duties consisted primarily of announcing and editing the Defendant's sports broadcasts.

Thus, in accordance with the plain language of the FLSA's small market exemption, the court finds that the exemption applies to the facts of this case, thereby excluding the Plaintiff from eligibility for overtime pay for the overtime days he worked for the Defendant. The Plaintiff was employed as an announcer and editor by a television station the major studio of which is located in a city with a population of less than 100,000, and which is not a part of any standard metropolitan statistical area. The statute is clear that under these circumstances, the employer has no duty to pay overtime. Accordingly, based on the above authorities and the submissions presently before the court, the court finds that dismissal of the Plaintiff's federal claims against the Defendant is appropriate; no genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law.

### 2. State Law Claims

Having dismissed the claims over which it has original jurisdiction, the court declines to exercise jurisdiction over the Plaintiff's state law claims, and shall remand those claims to the Circuit Court of Lowndes County. *See* 28 U.S.C. § 1441(c); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996).

### D. Conclusion

In sum, the Defendant's motion for summary judgment will be granted. The Defendant has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law as to the Plaintiff's claims under the FLSA. The Plaintiff's state law claims shall be remanded to state court.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Defendant's motion for summary judgment (docket entry 18) is GRANTED;

(2) the Plaintiff's federal claims are DISMISSED WITH PREJUDICE;

(3) the Plaintiff's state law claims are REMANDED to the Circuit Court of Lowndes County in accordance with 28 U.S.C. § 1441(c); and

(4) this case is CLOSED.

All memoranda, depositions, declarations and other materials considered by the court in ruling on this motion are hereby incorporated into and made a part of the record in this action.