**Beverly J. KACHEL, Plaintiff,**

v.

**The CITY OF PUEBLO, Defendant.**

**Civ. A. No. 88–C–743.**

United States District Court,
D. Colorado.

March 14, 1990.

James Carleo, Colorado Springs, Colo., for plaintiff.

Daniel Satriana, Denver, Colo., for defendant.

### ORDER

CARRIGAN, District Judge.

Plaintiff, Beverly J. Kachel ("Kachel"), a Colorado resident, commenced this suit by a complaint alleging: (1) violation of 42 U.S.C. § 2000e; (2) breach of contract; and (3) violation of § 24–34–301, *et seq.*, C.R.S. 1973, as amended (sex discrimination in violation of Colorado law) against the defendant, The City of Pueblo ("The City"). Jurisdiction is asserted under 28 U.S.C. § 1331, and pendent jurisdiction. Currently pending are the defendant's motions for summary judgment on the plaintiff's breach of contract and state law discrimination claims, and the defendant's motion to dismiss the pendent state law claims on the ground that this court should not exercise its discretion to hear them. Plaintiff has responded by: (1) opposing the motion to dismiss the breach of contract claim; (2) opposing the motion for summary judg-

ment on the breach of contract claim; and (3) abandoning the state law discrimination claim. The parties have briefed the issues, and oral argument would not be helpful.

### I. THE COURT'S AUTHORITY TO HEAR STATE LAW CLAIMS.

■ Under *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), federal district courts have discretion to hear pendent claims.

"[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in the federal courts to hear the whole.

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."

*Gibbs*, 383 U.S. 725, 726, 86 S.Ct. 1138, 1139, emphasis in original. The Supreme Court in *Gibbs* set out several factors to consider when determining whether to exercise pendent jurisdiction. If hearing the state claim would promote judicial economy, convenience, and fairness to the litigants, a federal court need not hesitate in exercising its power to hear it. However, if state law issues would substantially predominate, pendent jurisdiction should not be exercised. In addition, as a matter of comity and justice, needless interpretations of state law should be avoided, especially where there is no existing state law precedent and the state courts could provide a clearer reading of state law. *Id.* at 726, 86 S.Ct. at 1139.

Federal district courts should exercise their discretion to hear pendent state claims in Title VII cases. *Jones v. Intermountain Power Project*, 794 F.2d 546 (10th Cir.1986). "We are unwilling to require Title VII claimants who have pendent state claims to bifurcate their cases." *Id.* at 553. Defendant has not cited any authority suggesting that *Intermountain*

*Power Project* does not apply to the instant case.

■ Even without the Tenth Circuit's *Intermountain Power Project* decision, the plaintiff's pendent claim would be heard in this court. Judicial economy, convenience and fairness to the litigants will be served by hearing all related claims in one action. *Gibbs* does not require that the federal and state claims involve identical issues. Rather, it only requires that the claims "must derive from a common nucleus of operative fact." *Gibbs* at 725, 86 S.Ct. at 1138. While additional evidence will be needed to adjudicate the breach of contract claim, that claim is derived from a common set of facts.

Additionally, none of the factors militating against exercise of pendent jurisdiction are present. There is no danger of jury confusion because the plaintiff has waived her right to jury trial. The defendant has neither asserted that the federal claim is insubstantial, nor moved for summary judgment as to that claim. Therefore, it appears unlikely that the federal claim will be dismissed prior to trial. Where, as here, the state law is well developed, there is little danger that the parties will not get a "sure footed reading of applicable law" because they are in a federal, rather than a state, court. *Id.* While federal courts should avoid needless state law decisions, if this policy were an inflexible rule, federal courts could never hear pendent state claims. For the reasons recited above, the defendant's motion to dismiss the state law claims is denied.

## II. THE BREACH OF CONTRACT CLAIM.

■ Under Rule 56(c) Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Catrett* the Court held that Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552. The *Catrett* Court explained:

"In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she had the burden of proof." *Id.* at 322–23, 106 S.Ct. at 2552–53.

This standard has not been met in the instant case. Whether a contract has been formed, and whether it has been breached, are questions of fact. The existence of material fact questions precludes granting a summary judgment motion. Therefore, the defendant's motion for summary judgment on the plaintiff's breach of contract claim is denied.

## III. THE STATE LAW DISCRIMINATION CLAIM.

Plaintiff does not object to dismissal of her claim for relief under § 24–34–301, *et seq.*, C.R.S.1973, as amended. Therefore the defendant's motion for summary judgment on the plaintiff's state law discrimination claim is granted.

Accordingly, IT IS ORDERED that:

1. Defendant's motion to dismiss the breach of contract claim is denied;

2. Defendant's motion for summary judgment on the breach of contract claim is denied; and

3. Defendant's motion for summary judgment on the state law discrimination claim is granted.