**Richard SURPRISE and
Donald Ginsberg**

v.

**GTE SERVICE CORPORATION.**

No. 3:98CV255(JBA).

United States District Court,
D. Connecticut.

March 17, 1999.

David M. Cohen, Allison Ann Dundas, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for Richard Surprise and Donald N. Ginsberg, plaintiffs.

Patrick W. Shea, Paul C. Marazita, Paul, Hastings, Janofsky & Walker, Stamford, CT, for GTE Service Corp., defendant.

### RULING ON PLAINTIFFS' MOTION FOR REMAND [DOC. # 8]

ARTERTON, District Judge.

The Complaint of plaintiffs, Richard Surprise and Donald Ginsberg, asserts several state and federal law claims based on the events preceding, during and following their termination from the Defendant employer including Defendant's refusal to rehire them. Pursuant to 28 U.S.C. § 1441(a), Defendant removed this action to Federal District Court from the Superior Court for the Judicial District of Stamford/Norwalk at Stamford on the basis that "this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331, based upon Plaintiff's

claims in Count III and IV of the Complaint alleging violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq." ("ADEA") Notice of Removal, ¶ 2. Plaintiff has moved pursuant to 28 U.S.C. § 1441(c), requesting the Court to exercise its discretion to remand the entire case to the Superior Court.

The substance of Plaintiffs' contention is that their claims of breach of contract (Count I) and breach of the implied covenant of good faith and fair dealing (Count II) are not only "separate and independent" from but also predominate over their ADEA claims (Counts III). Motion for Remand, ¶¶ 2–3. Defendant argues that 1) Section 1441(c) is not the applicable standard for assessing remand since the action was properly removed under 28 U.S.C. § 1441(a) and the state law claims fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367; 2) even if Section 1441(c) provides the applicable standard, the state claims do not constitute a "separate and independent" claim nor predominate over plaintiffs' ADEA claims, and 3) finally, even if the requirements for a Section 1441(c) remand were satisfied, the Court should only remand the state law claims and should retain its jurisdiction over the federal claims. (Def.Opp.Mem. at 2–3).

## I. Discussion

As a preliminary matter, the Defendant contends that Section 1441(c)'s standard for remand does not apply to this case, since this case was properly removed under Section 1441(a). In reviewing the Defendant's notice of removal, it is clear that Defendant removed this action under Section 1441(a) rather than Section 1441(c) [doc. # 1].

Section 1441(a) provides:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division em-

bracing the place where such action is pending.

 The Plaintiffs acknowledge that Defendant could have properly removed Counts III and IV since each ADEA count is within the Court's original jurisdiction as a federal question. Although Counts I and II do not fall within the court's original jurisdiction, the Court "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In determining whether the Court has supplemental jurisdiction to resolve the Plaintiffs' state law claims, the Court must determine whether the Plaintiffs' state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing arise from the common nucleus of operative facts as the plaintiffs' ADEA claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A review of the Complaint demonstrates that Plaintiffs' ADEA claims are based on much of the same employer conduct as the state law claims, as evidenced in part by the fact that Counts III and IV incorporate by reference many of the paragraphs alleging the conduct on which Counts I and II are based. Therefore, exercise of supplemental jurisdiction over Plaintiffs' state law claims is appropriate since they form part of the same case or controversy and arise from the common nucleus of operative fact as the ADEA claims, namely the circumstances of Plaintiffs' employment or non-employment by Defendant. Since the federal claims were properly removed to federal court under Section 1441(a), the Court will exercise its supplemental jurisdiction over Plaintiffs' state law claims under Section 1367(a).

 The Plaintiffs maintain that Section 1367 "has no effect on a 28 U.S.C. § 1441(c) remand." *See* Reply Mem. at p. 5. However, in *City of Chicago v. Interna-*

*tional College of Surgeons,* 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), the Supreme Court noted that Section 1367 "applies with equal force to cases removed to federal court as to cases initially filed there." Because removal was proper under Section 1441(a) and supplemental jurisdiction over Plaintiff's state claims is appropriate, Plaintiffs' request that the Court remand the entire case or at least their state claims under Section 1441(c) is denied. *See also, Borough of West Mifflin v. Lancaster,* 45 F.3d 780 (3d Cir.1995); *Hickerson v. City of New York,* 932 F.Supp. 550, 558 (S.D.N.Y.1996); *Neal v. Flav–O–Rich, Inc.,* 1996 WL 652759 (M.D.N.C.1996) (all finding Section 1441(c) inapplicable to cases comprised of federal questions and pendent state law claims).

Even if Section 1441(c) were the appropriate standard for remand in this case, its language makes clear that the predominance of state law claims in the case is only relevant if the plaintiff's federal claims are "separate and independent" from their state law claims. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Prior to Congress' amendment of Section 1441(c) in 1990 to exclude diversity cases, the Supreme Court interpreted the language of "separate and independent" as: "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Furthermore, the Supreme Court in dicta previously opined that "pendant claims are not separate and independent within the meaning of the [pre–1990 version of] the removal statute." *Carnegie–Mellon v. Cohill,* 484 U.S. 343, 353, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *see also Hickerson v. City of New York, supra.*

■ In this motion, Plaintiffs claim that their employment termination and Defendant's refusal to rehire them both based upon their age (Counts III and IV) are "separate and independent" from their implied contract claims for wrongful termination and refusal to rehire (Counts I and II). In this employment context, it is apparent that Counts I and II can not be considered "separate and independent" from Counts III and IV. Although these claims are grounded on separate legal theories of liability, they all arise out of an "interlocking series of transactions" related to Plaintiffs' termination and attempts to seek re-employment with Defendant and thus "substantially derive from the same facts." *See e.g. Harrison v. Board of Education,* 1996 WL 182559 (N.D.Ill.1996) (public school teacher's state cause of action for termination in violation of state tenure statute and federal claims based upon age discrimination and Section 1983 arose from interlocking series of transactions).

■ Moreover, even assuming arguendo that the state claims were separate and independent, Plaintiffs have not demonstrated that their state law claims "substantially predominate" in terms of proof, comprehensiveness of the remedies sought, or scope of the issues raised. *See e.g. United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiffs' ADEA claims do not depend on a resolution of Counts I and II, but can be decided without regard to the legal merits of their state law claims. *See Palivos v. City of Chicago,* 901 F.Supp. 271, 273 (N.D.Ill.1995) (remanding state law claim under Section 1367(c), but retaining jurisdiction over federal claim where state law determined plaintiff's property rights, deprivation of which

formed the basis for plaintiff's federal claim of denial of due process). Regardless of whether plaintiffs' rights under the alleged contract were violated, if they were selected for termination and refused the opportunity to apply for replacement positions because of their age then their ADEA claims are necessarily implicated.[1] Since the Court does not find Section 1441(c)'s requirements are applicable or alternatively that they have been satisfied, it need not further consider remand of all or some of Plaintiffs' claims.

By pleading federal causes of action concurrently with state claims all arising from a common factual scenario, the Plaintiffs subjected themselves to the potential removal of the entire case to federal court. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997). Since this Court would have had original and supplemental jurisdiction over Plaintiffs' claims if it had originally been filed in this Court, the Court sees no rationale or statutory basis for fashioning a different result when the action has been properly removed pursuant to Section 1441(a). *See Mizuna v. Crossland Federal Savings Bank*, 90 F.3d 650, 657 (2d Cir.1996).

## II. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand the entire action pursuant to Section 1441(c) (doc. #8) is DENIED.

IT IS SO ORDERED

---

1. Nothing in this ruling precludes the Plaintiffs' future motions if at some point circumstances change such that it becomes clearly demonstrable that the state claims do substantially predominate, 28 U.S.C. § 1367(c)(2), or the district court has dismissed or the plaintiffs have voluntarily withdrawn all of the federal question claims, 28 U.S.C. § 1367(c)(3). Nonetheless, the court's discretion to retain supplemental jurisdiction over the state claims or remand the state claims to state court would then be governed by the factors enumerated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966): judicial economy, convenience, fairness, and comity. *See Mizuna v. Crossland Federal Savings Bank*, 90 F.3d 650, 657 (2d Cir.1996).