**Colleen DOLL, Sandra Bridges, Patrick Foley, and Russell Green, Plaintiffs,**

v.

**U.S. WEST COMMUNICATIONS, INC., a Colorado corporation, Defendant.**

No. Civ.A. 99–D–1714.

United States District Court, D. Colorado.

March 9, 2000.

Christopher W. Jeffress, Bragg & Baker, P.C., Denver, CO, Richard A. Winkel, Denver, CO, for plaintiff.

David H. Stacy, Kelley A. Evans, Freeborn & Peters, Denver, CO, Charles D. Henson, Karen DuWaldt, U.S. West, Inc., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

### I. *Introduction and Factual Background*

This matter is before the Court on two pending motions. On September 28, 1999, defendant filed a motion to dismiss the first, second, and third claims for relief. On October 4, 1999, plaintiffs filed a motion to remand. A hearing was held on these motions on February 18, 2000. For the reasons stated below, the motion to remand is DENIED and the motion to dismiss the first, second and third claims is GRANTED.

The facts relevant to the motions are as follows. This is an employment case alleging wrongful termination/retaliatory discharge in violation of state statutes on behalf of all plaintiffs, breach of employment contract on behalf of all plaintiffs, promissory estoppel on behalf of all plaintiffs, race discrimination on behalf of plaintiffs Sandra Bridges ("Bridges") and Russell Green ("Green"), extreme and outrageous conduct on behalf of plaintiff Colleen Doll ("Doll"), violation of the Family and Medical Leave Act on behalf of Doll, violation of the Americans with Disabilities Act ("ADA") on behalf of Doll, and breach of contract on behalf of plaintiff Patrick Foley ("Foley").

The case was removed by defendant from the District Court, City and County of Denver, State of Colorado, by notice of removal dated August 30, 1999. The basis of the removal was that this court has original jurisdiction over the claims of race discrimination under Title VII, disability discrimination under the Americans with Disabilities Act, and discrimination under the Family and Medical Leave Act. Further, the removal notice stated that the court also has original jurisdiction over the claims brought by plaintiffs under state law because the terms and conditions of plaintiffs' employment with defendant are governed by a collective bargaining agreement ("CBA") regulated by the Labor Management Relations Act ("LMRA"), and plaintiffs' claims cannot be interpreted without reference to the CBA. Finally, the notice of removal asserted that this court has supplemental jurisdiction over the state law claims because they are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

### II. *ANALYSIS*

#### A. *Plaintiffs' Motion to Remand*

Plaintiffs assert that their first, and primary claim, is a state law claim for wrongful termination. Plaintiffs have also as-

serted several other state claims, as well as three federal claims. It is argued by plaintiffs that where some of the claims are not removable, none of the claims is removable. Plaintiffs also argue that pursuant to 28 U.S.C. § 1441(c), the court may, in its discretion, remand all matters in which state law predominates, including the federal claims. With respect to federal preemption of the state law claims by Section 301 of the LMRA, plaintiffs assert that these claims do not require interpretation of the CBA. Further, it is argued that the affirmative defense of federal preemption under the LMRA does not require removal since the plaintiffs are masters of their complaint and control what law will be relied on. Finally, plaintiffs argue that the state law claims do not share a nucleus of common operative facts which would give the court supplemental jurisdiction over the state law claims.

I first find that the motion to remand does not address defects in the removal itself; rather, it attacks the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Thus, I must decide whether a federal district court has original jurisdiction over the claims and/or whether I can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

As to the merits of the motion, I reject plaintiffs' argument that because they assert state law claims that are not within the court's original jurisdiction, this means that the entire case must be remanded. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 386, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) ("the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal"). The case relied on by plaintiffs, *Flores v. Long*, 110 F.3d 730, 733 (10th Cir.1997), is not applicable to this case since it dealt with the situation where the district court remanded the entire case containing state and federal claims because the Eleventh Amendment precluded feder-

al court jurisdiction over the state and state officials in their official capacities. The Eleventh Amendment is not at issue in this case. Further, the reasoning of *Flores* requiring remand of the entire case where the Eleventh Amendment is implicated was later rejected by the Supreme Court. *Schacht*, 524 U.S. at 392–93, 118 S.Ct. 2047.

Second, it is undisputed that this court has original jurisdiction over the race discrimination claim under Title VII asserted by Bridges and Green, the disability discrimination claim under the ADA asserted by Doll, and the alleged violation of the Family and Medical Leave Act asserted by Doll. Thus, as to three of the four plaintiffs (with the exception of Foley), removal of their claims by defendant was appropriate pursuant to 28 U.S.C. § 1441(a).

The question then becomes whether I should exercise supplemental jurisdiction over the state law claims of Bridges, Green and Doll.[1] Plaintiffs argue that these state law claims do not share a common nucleus of facts with the federal claims. 28 U.S.C. § 1367(c) provides the grounds that I must look to in determining whether to decline to exercise supplemental jurisdiction: "(1) the claim raises a novel or complex issue of State law, (2) the claims substantially predominate over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.; see also Gard v. Teletronics Pacing Systems, Inc.*, 859 F.Supp. 1349, 1351 (D.Colo.1994).

I find that none of these factors is met in this case, and that I should thus exercise supplemental jurisdiction over the state law claims. First, these plaintiffs' claims of wrongful discharge, breach of employment contract, promissory estoppel, and outrageous conduct do not raise any novel or complex issue of state law. Second, I find that the state law claims, while

---

1. As to Foley's claims, I address these separately below.

more numerous in number than the federal law claims, do not substantially predominate. All of these claims relate to the practices of defendant while plaintiffs were employed there and which resulted in the plaintiffs' discharge. Third, I have not dismissed the federal claims, and plaintiffs have not raised any exceptional circumstances that would require the court to decline to exercise supplemental jurisdiction. Thus, I will exercise supplemental jurisdiction over the state law claims of Bridges, Green and Doll pursuant to 28 U.S.C. § 1367(a). *See also Gard*, 859 F.Supp. at 1355; *LaSorella v. Penrose St. Francis Healthcare System*, 818 F.Supp. 1413, 1416 (D.Colo.1993); *Kachel v. City of Pueblo*, 732 F.Supp. 1109, 1111 (D.Colo. 1990).

 Plaintiffs also argue that 28 U.S.C. § 1441(c) allows the court to remand all issues in which state law predominates to the state court, including the federal claims. 28 U.S.C. § 1441(c) states: "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, *in its discretion, may remand all matters in which State law predominates*." *Id.* (emphasis added).

This statute is not implicated as to plaintiffs Bridges, Green and Doll for two reasons. First, I have already found that the state law claims do not predominate over the federal claims. *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 104 (5th Cir. 1996) (remand not appropriate unless state law predominates). Second, I find that the state law claims asserted by Bridges, Doll and Green are not separate and independent from the federal claims. The state law claims, although grounded on different theories of liability, arise out of an "interlocking series of transactions" related to plaintiffs' termination and thus derive from substantially the same facts. *See Eastus*, 97 F.3d at 104–05; *Surprise v. GTE Service Corp.*, 47 F.Supp.2d 240, 243–44 (D.Conn.1999); *Friedman v. Board of Education of Niles Township High School Dist. 219*, No. 97C9001, 1998 WL 102698 (N.D.Ill.1998). Although I recognize that some courts have remanded claims without making a finding that the federal claim is separate and independent from the state law claim(s), I find that the plain language of 28 U.S.C. § 1441(c) mandates that such a finding be made before remand is appropriate. *See Eastus*, 97 F.3d at 104; *In Re City of Mobile*, 75 F.3d 605, 607 (11th Cir.1996); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3rd Cir. 1995).[2]

---

**2.** Even if 28 U.S.C. § 1441(c) were implicated in this case, I do not agree with plaintiffs that the statute allows the court to remand both federal and state law claims over which state law predominates. Plaintiffs cited several cases in support of this argument. Three of the cases, *Alexander by Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217 (M.D.Ala. 1991); *Holland v. World Omni Leasing*, 764 F.Supp. 1442, 1444 (N.D.Ala.1991) and *Martin v. Drummond Coal Co.*, 756 F.Supp. 524, 526 (N.D.Ala.1991), have been at least impliedly overruled by the Eleventh Circuit. *See Reneau v. Oakwood Mobile Homes*, 952 F.Supp. 724, 727 (N.D.Ala.1997) (holding that these three cases were overruled by *In Re City of Mobile*, 75 F.3d 605 (11th Cir.1996)). Another case, *Moore v. DeBiase*, 766 F.Supp. 1311, 1321 (D.N.J.1991) and the cases which have adopted its rationale, were rejected by the Third Circuit in *Borough of West Mifflin v.*

*Lancaster*, 45 F.3d 780, 786–87 (3rd Cir. 1995). Although there is authority that supports plaintiffs' argument (*Eastus*, 97 F.3d at 105; *Lang v. American Electric Power Co.*, 785 F.Supp. 1331, 1334–35 (N.D.Ind.1992); *Moralez v. Meat Cutters Local 539*, 778 F.Supp. 368, 371 (E.D.Mich.1991)), the more recent authority on this issue has rejected plaintiffs' argument, holding that the court may remand only state law claims, not federal claims. *See Lujan v. Earthgrains Baking Companies, Inc.*, 42 F.Supp.2d 1219, 1221–22 (D.N.M.1999) (indicating that the Tenth Circuit would most likely reject this argument); *Hickerson v. City of New York*, 932 F.Supp. 550, 558 (S.D.N.Y. 1996); *Kabealo v. Davis*, 829 F.Supp. 923, 925–26 (S.D.Ohio 1993), *aff'd*, 72 F.3d 129, 1995 WL 712793 (6th Cir.1995). I find *Lujan*, *Hickerson* and *Kabealo* are the better reasoned authority and adopt their rationale.

■ The only remaining issue becomes whether I should remand the claims of plaintiff Foley, since he has not asserted any claims over which the court has original jurisdiction. I first address whether Foley's claims are completely preempted by Section 301 of the LMRA. Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption...." *Id.* at 393, 107 S.Ct. 2425. However, there is an "'independent corollary' to the well-pleaded complaint rule ... known as the 'complete preemption' doctrine." *Id.* "This doctrine is applied in cases raising claims pre-empted by § 301 of the LMRA." *Id.*

■ For the reasons addressed in Section II.B.1, *infra*, in connection with the motion to dismiss, I find that two of Foley's claims, the claims for breach of employment contract and promissory estoppel, are preempted. However, I find that Foley's third claim for breach of contract is not preempted by Section 301 of the LMRA, and this finding is not disputed by the defendant. Unlike Foley's breach of employment contract claim, this claim is not related to the terms and conditions of Foley's employment or his termination. Instead, Foley asserts that defendant contracted with him to provide compensation in exchange for ideas relating to the improvement of defendant's business. I find that this is an individual contract that is not substantially dependent on the CBA, does not rely on the CBA indirectly, and does not address the relationship between the individual contract and the CBA. Accordingly, it is not preempted by Section 301 of the LMRA. *Caterpillar*, 482 U.S. at 394–95, 107 S.Ct. 2425.

■ Thus, I must decide whether to retain Foley's one remaining claim. As stated previously, 28 U.S.C. § 1441(c) provides that when a separate and independent claim within the court's jurisdiction is joined with a non-removable claim, the entire case may be removed and the district court may determine all issues therein, or it may remand all matters in which state law predominates. As Foley concedes, the claims asserted by the other plaintiffs, including their federal claims, are separate and independent from the breach of contract claim asserted by Foley. Thus, removal of this claim was appropriate. Further, since Foley's only claim against defendant is a state law claim that is distinct from the federal claims, I find that it does predominate over the federal claims, which would allow a remand of the claim. Nonetheless, I decline to exercise my discretion to remand this claim because I find that judicial economy is best served if the claim remains in this Court for resolution.

Accordingly, for the above reasons, plaintiffs' motion to remand is DENIED.

B. *Defendant's Motion to Dismiss First, Second and Third Claims for Relief*

This motion seeks to dismiss the first, second and third claims alleging wrongful termination, breach of employment contract and promissory estoppel pursuant to Fed.R.Civ.P. 12(b)(6). The basis of the motion is that the claims for breach of contract and promissory estoppel are inextricably intertwined with the CBA between the union, of which plaintiffs were members, and the defendant and are preempted by Section 301 of the LMRA. Defendant also argues that the promissory estoppel claim must be dismissed because such a claim is not viable where, as here, a contract exists. Finally, defendant argues that the first claim for wrongful termination/retaliatory discharge in violation of public policy must be dismissed because this claim applies only to at-will employees, not employees who are subject to a CBA.

1. *Whether the Breach of Employment Contract and Promissory Estoppel Claims are Preempted by the LMRA*

First, I address whether the claims for breach of employment contract and promissory estoppel are completely preempted by Section 301 of the LMRA. For the reasons stated below, I find that they are preempted and that dismissal of these claims is appropriate.

■ "Plaintiffs have often attempted to avoid federal jurisdiction under § 301 by framing their complaints in terms of such diverse state law theories as wrongful discharge, intentional infliction of emotional distress, conspiracy, and misrepresentation." *United Ass'n of Journeymen v. Bechtel Power Corp.,* 834 F.2d 884, 887–88 (10th Cir.1987), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). "Under the 'artful pleading' doctrine, federal courts look beyond the allegations of the complaint, often to the petition for removal, to determine whether the wrong complained of actually arises in some manner from a breach of the defendants' obligations under a collective bargaining agreement." *Id.* at 888. "If the courts find it to be such a case, the complaint is recharacterized as one arising under § 301, to which federal substantive law applies." *Id.*

■ "[N]ot every dispute touching a provision of a collective bargaining agreement is preempted by § 301." *Id.* Instead, "[c]omplete preemption applies when '[t]he heart of the [state law] complaint [is] a ... clause in the collective bargaining agreement.'" *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In other words, "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent' on analysis of a collective-bargaining agreement." *Id.* "[Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement ...

whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort'" are preempted. *Saunders v. Amoco Pipeline Co.,* 927 F.2d 1154, 1155 (10th Cir.) (quoting *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 210–11, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)), *cert. denied,* 502 U.S. 894, 112 S.Ct. 264, 116 L.Ed.2d 217 (1991).

■ However, "even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other hand, would require addressing precisely the same set of facts, as long as the state law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 purposes." *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 409–10, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Further, factual questions pertaining to the conduct of the employee and the conduct and motivation of the employer generally do not require a court to interpret the collective bargaining agreement and are not preempted. *Id.* at 407, 108 S.Ct. 1877. Finally, individual employment contracts (other than contracts subject to the collective bargaining agreement) may not be subject to preemption. *Caterpillar Inc.,* 482 U.S. at 394–95, 107 S.Ct. 2425; *Lyons v. Teamsters Local Union No. 961,* 903 P.2d 1214, 1220 (Colo. App.1995).

■ In the case at hand, plaintiffs first argue that because they have alleged that their union violated its duty of fair representation by failing to institute grievance procedures, they can proceed in state court on their claims, citing *Lathrop v. Entenmann's, Inc.,* 770 P.2d 1367, 1370 (Colo.App.1989). I find that *Lathrop* does not support plaintiffs' argument. The issue in *Lathrop* was not whether a state law claim such as breach of contract was preempted by Section 301; instead, the issue was whether plaintiff could pursue a federal claim for termination without just cause against the employer without first resorting to the grievance procedures.

The court held that when the plaintiff alleges a breach of the duty of fair representation by the union, it may assert such a claim in state or federal court. In so doing, however, it explicitly recognized that "the federal law developed under § 301 must be applied by those courts to the exclusion of any inconsistent state law that might otherwise be applicable." *See also Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) (the claim against the employer remains a claim under Section 301). *Lathrop* is thus inapplicable here, since plaintiffs have not asserted a claim under Section 301 of the LMRA.

■ Plaintiffs also argue that the breach of employment contract and promissory estoppel claims do not require interpretation of the CBA. In that regard, plaintiffs argue that they have not alleged that defendant discharged them for impermissible reasons. They allege that defendant's motives in discharging them were illegal and in violation of public policy. However, plaintiffs confuse the breach of contract and promissory estoppel claims with the claim of wrongful termination/retaliatory discharge in violation of public policy. It is true that courts generally hold that claims for wrongful discharge in violation of public policy are not preempted by the LMRA. *See Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). That is because the issue in such a claim is a factual issue concerning the employer's motives in firing the employee that does not require interpretation of a CBA. *Id.* at 407, 108 S.Ct. 1877. However, plaintiffs' breach of employment contract and promissory estoppel claims do not assert or rely on the improper motive at issue in the wrongful discharge claim, that defendant tried to get plaintiffs to illegally "cram" its customers (i.e., adding telephone services or products to customers' accounts without their knowledge). First Amended Complaint, ¶¶ 19, 56–64.

Instead, the breach of contract claim alleges that "[d]uring their employment with defendant, plaintiffs' terms and conditions of employment were regulated by certain employment procedures, policies and practices." *Id.,* ¶ 68. Further, it is alleged that these procedures, policies and practices were relied on by plaintiffs, and defendant breached its employment contract by failing to follow its own policies and procedures. *Id.,* ¶¶ 70–71.

I find that the procedures, policies and practices of defendant contained in an employment contract must refer to the CBA, since that is the only employment contract in the case. The CBA governs the employment of plaintiffs, and requires that employees be discharged only for "just cause." Ex. 1 to Motion to Dismiss, Article 17, § 17.3. Charges that the action was taken without just cause are to be handled by the grievance procedures of Article 16 of the CBA. *Id.* The Complaint makes reference to plaintiffs' attempt to use such grievance procedures. To the extent that plaintiffs may rely on defendant's code of business ethics and conduct, that document also directly relates to and requires interpretation of the CBA since it states, "[i]t is the policy of U.S. WEST that the Company may terminate an employee's employment at any time, without or without cause, *unless the employment is covered by separate conditions contained in a collective bargaining agreement.*" Ex. 3 to Motion to Dismiss (emphasis added). Accordingly, I find that the breach of employment contract claim is substantially dependent on interpretation of the CBA, and is therefore preempted by Section 301 of the LMRA.

■ As to the promissory estoppel claim, I find that this claim also is substantially dependent on interpretation of the CBA. This claim alleges that "[t]hrough promulgation of its policies and procedures, defendant promised plaintiffs that it would adhere to the policies and procedures it had set forth." First Amended Complaint, ¶ 74. Further, the claim alleges that plaintiffs relied on these promises and that defendant failed and refused to enforce its promises. *Id.* ¶¶ 75–77.

Again, for the same reasons stated above in connection with the breach of contract claim, the procedures and promises that defendant made with its employees are governed by the CBA and necessarily require interpretation of the CBA.

Plaintiffs assert, however, that defendant made promises to them outside of the context of the contract. Plaintiffs do not identify what promises these are, nor are they alleged in the complaint. Even if I assume that such promises exist, I still find that the CBA would need to be interpreted to determine whether those promises were consistent with and/or authorized by the CBA. Article 1, § 1.1 of the CBA provides that the union is the exclusive representative for purposes of collective bargaining in respect to terms and conditions of employment. Thus, the CBA would need to be referred to determine if defendant was authorized to make any promises to plaintiffs about the terms and conditions of employment.

The CBA also contains an integration agreement in the preamble that says that the agreement between the union and the defendant supersedes any past policies or procedures, and governs the relationship between the parties. This would also need to be interpreted to determine if plaintiffs' claims are viable. *See Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 799 (8th Cir.1998) ("in order to prove promissory estoppel claim, plaintiff must show that the oral contract is not superseded or contradicted by terms of CBA"); *Vacca v. Viacom Broadcasting of Missouri, Inc.*, 875 F.2d 1337, 1342 (8th Cir.1989) (CBA would have to be interpreted to determine if side agreement was authorized). Accordingly, I find that the promissory estoppel claim is also preempted by Section 301 of the LMRA.[3]

### 2. *Wrongful Discharge Claim*

■ Finally, I address defendant's argument that the claim of wrongful termi-

nation/retaliatory discharge in violation of public policy must be dismissed because plaintiffs are not at-will employees, but instead are subject to a CBA. I agree with defendant that the Supreme Court of Colorado holds that such a wrongful discharge claim is an exception to the at-will doctrine. *See, e.g. Coors Brewing Co. v. Floyd*, 978 P.2d 663 (Colo.1999); *Crawford Rehabilitation Services v. Weissman*, 938 P.2d 540 (Colo.1997); *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 108 (Colo. 1992).

However, no Colorado state court case has ever addressed the specific issue before this court; namely, whether a party to a CBA can assert this type of claim. Other jurisdictions have held that a party to a CBA or other employment contract cannot assert such a claim. *See Hermreck v. United Parcel Service*, 938 P.2d 863, 866 (Wyo.1997); *Luethans v. Washington University*, 894 S.W.2d 169, 172–73 (Mo.1995); *Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.*, 106 N.M. 19, 738 P.2d 513, 515 (1987); *Phillips v. Babcock & Wilcox*, 349 Pa.Super. 351, 503 A.2d 36, 37–38 (1986), *app. dismissed,* 514 Pa. 618, 521 A.2d 933 (1987). The rationale for this rule is that the public policy exception protects at-will employees who can be fired for any reason. As the Supreme Court of New Mexico stated, "[t]he express reason for recognizing this tort, and thus modifying the terminable at-will rule, was 'the need to encourage job security' for those employees not protected from wrongful discharge by an employment contract." *Silva*, 738 P.2d at 515. Where an employee enjoys a remedy pursuant to a CBA (*i.e.*, that he can only be fired for just cause), "the societal interest can be protected by asserting retaliatory discharge in the grievance process, and we should not permit avoidance of the collective bargaining grievance process by an independent action." *Hermreck*, 938 P.2d at 866.

---

**3.** Since I conclude that the promissory estoppel claim is preempted, I need not address defendant's alternative argument that this claim must be dismissed due to the existence of a contract.

I find that this rationale is sound, and consistent with the cases from Colorado state courts which hold that the claim is an exception available to an at-will employee. Accordingly, I adopt the holdings of the cases referenced in the preceding paragraph. Since plaintiffs can only be fired for "just cause" under the CBA, they are entitled to resort to the grievance committee to argue that they were not terminated for just cause, but for unlawful reasons. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), relied on by plaintiffs, is inapposite because it dealt with whether such a wrongful discharge claim is preempted under the LMRA, which is not at issue in this case. Thus, I GRANT the motion to dismiss as to the first claim for relief, wrongful termination/ retaliatory discharge in violation of public policy.

## III. *CONCLUSION*

For the reasons stated in this Order, Plaintiffs' motion to remand is DENIED. Defendant's motion to dismiss the first, second and third claims for relief is GRANTED, and these claims are DISMISSED WITH PREJUDICE.