**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAR 24 2003**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

COLLEEN DOLL and RUSSELL
GREEN,

Plaintiffs,

and

SANDRA BRIDGES,

Plaintiff-Appellant,

v.

U.S. WEST COMMUNICATIONS,
INC., a Colorado corporation,

Defendant-Appellee.

No. 01-1320
(D.C. No. 99-D-1714)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff filed suit in state court against U.S. West for wrongful termination/retaliatory discharge in violation of state statutes, breach of the employment contract, promissory estoppel, and race discrimination. U.S. West removed the case to federal court based on the district court's jurisdiction over claims asserted under several federal statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (race discrimination). *See Doll v. U.S. West Communications, Inc.,* 85 F. Supp. 2d 1038, 1040 (D. Colo. 2000).

We need not repeat the underlying factual allegations. After denying plaintiff's motion to remand the case, the district court dismissed all but plaintiff's Title VII claim. On that claim the jury returned a verdict in favor of defendant U.S. West. Although she was represented by counsel through the trial proceedings, plaintiff now appeals pro se.

The only issues plaintiff raised on appeal concern the jury trial. First she contends that "[t]he jury selection process did not apply the legal rule" of Fed. R. Civ. P. 47(c) and "several jurors were biased and impartial." Aplt. Opening Br. at 10. Yet she did not object during jury selection. Only in exceptional circumstances will we review a matter not presented to the district court in the first instance. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir.

-2-

1992).  Plaintiff has not presented us with any such circumstances.  On the contrary, the voir dire quoted in her brief (which is the only specific factual support she provides for her contention) does not suggest bias by the jurors questioned.  This argument must therefore fail.

She then argues that the district court erred by not allowing discovery of evidence.  But she points to no motion in district court either seeking discovery or challenging any discovery response under any of the Federal Rules of Civil Procedure.  Again, we will not consider issues unless raised below.  *See id.*  In addition, we will not "sift through" the record to find support for plaintiff's contentions of error, *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992), nor craft her arguments for her.  *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

Next, plaintiff claims the district court erred in allowing a defense witness (Paris Sherman) to sit with and assist defense counsel during trial.  There is no claim that any objection was raised to this procedure before or during trial.  Moreover, Mr. Sherman was defendant's designated representative authorized under Fed. R. Evid. 615(2).  As such he was not subject to exclusion.  *Id.*

Finally, plaintiff appears to claim error in the exclusion or admission of evidence regarding the number of employees at U.S. West terminated for failure to meet sales objectives.  Her claim is very vague and unsupported by any

allegation that she properly objected to an evidentiary ruling as required by Fed. R. Evid. 103(a). Because of her failure to object, we review only for plain error. *See Polys v. Trans-Colo. Airlines, Inc.*, 941 F.2d 1404, 1408 (10th Cir. 1991). Plaintiff provides us with no reason to find plain error here.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge