**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAR 24 2003**

**FOR THE TENTH CIRCUIT**

COLLEEN DOLL and SANDRA
BRIDGES,

        Plaintiffs,

    and

RUSSELL GREEN,

        Plaintiff-Appellant,

v.

U.S. WEST COMMUNICATIONS,
INC., a Colorado corporation,

        Defendant-Appellee.

No. 01-1284
(D.C. No. 99-D-1714)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff filed suit in state court against U.S. West, alleging retaliatory discharge, breach of the employment contract, promissory estoppel, and race discrimination. *See Doll v. U.S. West Communications, Inc.,* 85 F. Supp. 2d 1038, 1040 (D. Colo. 2000). U.S. West removed the case to federal district court based on the federal court's original jurisdiction over several of the claims.

The district court denied plaintiff's motion to remand the case to state court and dismissed the breach-of-contract and promissory-estoppel claims as preempted by Section 301 of the Labor Management Relations Act (LMRA). *Id.* at 1043-46. The court dismissed the retaliatory-discharge claim as unavailable under Colorado law to an employee covered by a collective bargaining agreement or other employment contract. *Id.* at 1046-47. The race-discrimination claim was later tried to a jury, which found for the defendant, U.S. West. Although represented through the trial proceedings by counsel, plaintiff now appeals pro se.

In his notice of appeal, plaintiff listed the district court's May 18, 2001, entry of judgment on the jury verdict as the judgment being appealed. He subsequently filed a motion to amend his notice of appeal to include the district court's earlier dismissal of the contract, estoppel, and discharge claims. The only two issues addressed in his briefs on appeal, however, are (1) the district court's

disposition of the retaliatory-discharge claim and (2) the court's "allowing failure of [U.S. West] to comply with [d]iscovery provisions under Fed. R. Civ. P. 26(a)(1), (a)(2), (a)(3)[.]" Aplt. Opening Br. at 1. We therefore limit our discussion to those matters. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ."); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (court will not sift through record to construct arguments for party on appeal).

## I.    Retaliatory Discharge

First, we dispose of a non-issue. Plaintiff's opening brief includes an extended discussion of preemption under LMRA Section 301. This argument, however, is applicable only to the two claims the district court found to be preempted (and the dismissal of which plaintiff does not challenge on appeal): breach of contract and promissory estoppel. *Doll*, 85 F. Supp. 2d at 1044-46. Plaintiff appears to believe that the retaliatory-discharge claim was decided on the basis of preemption. This belief is incorrect. Although the district court disposed of the breach-of-contract and promissory-estoppel claims on the basis of Section 301 preemption, it clearly resolved the retaliatory-discharge claim strictly as a state-law issue. *Id.* at 1046-47.

The district court dismissed plaintiff's claim of retaliatory discharge because plaintiff was covered by a collective bargaining agreement, which

provided a grievance procedure for covered employees subject to discipline, including termination. It ruled that a retaliatory-discharge claim is available only to at-will employees. *Doll*, 85 F. Supp. 2d at 1046; *see Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 108 (Colo. 1992) (en banc). We affirm for substantially the reasons expressed by the district court. *See Doll,* 85 F. Supp. 2d at 1046-47; *see also Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (en banc) ("As a general matter, the public policy exception allows *at-will* employees to pursue claims for wrongful discharge . . . ." (emphasis added)).

## II.    Discovery

Plaintiff challenges the district court's denial of his motion for sanctions against U.S. West. The motion, filed more than three months after the trial on his race-discrimination claim and two and one-half months after his notice of appeal, suggested entitlement to an "award of expenses and fees resulting from defendant's refusal to admit truth of matters set forth in requests." Aplee. Supp. App. Vol. 2 at 438.

Following the district court's denial of the motion for sanctions, plaintiff did not file another notice of appeal or a second amended notice of appeal. Thus, plaintiff has failed to preserve the matter for review. Fed. R. App. P. 4(a) requires the filing of a notice of appeal "within 30 days after the judgment or order appealed from is entered." Absent an amended notice of appeal, we have no

jurisdiction to review the district court's denial of sanctions. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192-93 (10th Cir. 1998) (appellate review is limited to final judgments or parts thereof designated in notice of appeal; plaintiff needed to file amended notice of appeal to secure consideration of order entered after notice of appeal filed). (We note that plaintiff obviously understood the rules sufficiently to file an amended notice of appeal to include the district court's dismissal of three of his four claims.) Accordingly, we lack jurisdiction to consider the sanctions issue.

AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge