IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20618

MICHELE POCHE,

Plaintiff-Appellee,

v.

TEXAS AIR CORPS, INC. D/B/A CERT EMERGENCY SERVICES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division

Before KING, WIENER, and ELROD, Circuit Judges.

JENNIFER W. ELROD, Circuit Judge:

Defendant-Appellant Texas Air Corps, Inc. ("TAC") appeals the district court's order remanding this case to state court. Because our precedent compels the conclusion that the district court was without authority to remand Plaintiff-Appellee Michele Poche's Fair Labor Standards Act claim, we reverse and remand.

## I. Facts and Proceedings

TAC hired Michele Poche as an ambulance medic and dispatcher in June 2006. According to Poche's state court petition, TAC told her that she would work between fifty and sixty hours per week, and that she would be assigned a company cell phone and would be on call at all times TAC was operating. Poche further alleges that although TAC initially treated her as an employee,

withholding taxes from her paychecks, she worked significantly more than sixty hours a week and never received overtime wages.

In October 2006, Poche and TAC executed an Employment Agreement backdated to the first day of Poche's employment with TAC. Under the terms of the agreement, Poche was to be paid a salary based on a fifty-hour work week for "providing professional emergency medical staffing as scheduled." The agreement further provided that Poche was an independent contractor rather than an employee of TAC and was therefore not entitled to overtime wages. Poche alleges that despite this provision, TAC continued to withhold taxes from her paychecks but did not pay the amounts withheld to the IRS. After some delay, TAC issued a 1099-MSC form reflecting payments to Poche totaling $16,617.38—an amount that did not include the taxes TAC withheld from Poche's paychecks. On April 9, 2007, Poche received a check from TAC for $3,894.23, which TAC denominated a "tax escrow distribution" for 2006. The following day, TAC fired Poche without the two weeks' notice required by the Employment Agreement.

Poche sued TAC in the 129th Judicial District Court of Harris County, Texas, seeking a declaratory judgment regarding her entitlement to overtime wages and alleging fraud and misrepresentation, breach of contract, and violations of the federal Fair Labor Standards Act ("FLSA"). TAC removed the case to the United States District Court for Southern District of Texas under 28 U.S.C. § 1441 on the ground that Poche's petition raised a federal question. TAC then filed counterclaims against Poche for theft and conversion in violation of the Texas Theft Liability Act, breach of contract, fraud and negligent misrepresentation, and breach of fiduciary duty.

After TAC filed its counterclaims, Poche moved to remand the entire case, arguing that because most of the claims and counterclaims arose under state law, the case should be decided in state court. TAC opposed the motion, arguing that (1) most of the state law claims were not subject to remand because they

were not separate and independent from the FLSA claim; and (2) considerations of judicial economy warranted retaining the remaining state law claims. After the district court granted the motion to remand, TAC filed a motion for reconsideration, arguing that even if the state court claims were subject to remand, the court had no discretion to remand Poche's federal FLSA claim. The district court denied the motion for reconsideration, and this appeal followed.

## II. Standard of Review

"If a district court's decision to remand a case to state court is based on its discretion, then we . . . review that decision for abuse of discretion." Hook v. Morrison Milling Co., 38 F.3d 776, 780 (5th Cir. 1994). Whether the district court has that discretion, however, is a legal question we review de novo. Id.

## III. Discussion

This appeal presents the following question: does 28 U.S.C. § 1441(c) permit a district court to remand federal claims conferring removal jurisdiction where those claims are part of a case "predominated" by state law? Before the enactment of the Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 312, 104 Stat. 5089, 5114 (1990), the operative statutory text provided:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (amended 1990) (emphasis added). Under this version of the statute, a district court could not remand federal claims conferring removal jurisdiction. See In re Wilson Indus., Inc., 886 F.2d 93, 96 (5th Cir. 1989). With the 1990 amendment, however, the statute now provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may

3

> determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added). To affirm the district court's remand order, we would have to hold that the word "matters" in the current version of section 1441(c) refers to an entire action, including component federal claims conferring removal jurisdiction, rather than to particular causes of action. Some courts have adopted this interpretation of "matters." See, e.g., Lang v. Am. Elec. Power Co., 785 F. Supp. 1331, 1334–35 (N.D. Ind. 1992); Moralez v. Meat Cutters Local 539, 778 F. Supp. 368, 370–71 (E.D. Mich. 1991); see also 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739 (3d ed. 1998). Our precedent, however, requires a different result.

## A. Buchner

We begin our analysis with Buchner v. FDIC, 981 F.2d 816 (5th Cir. 1993), which TAC cites for the proposition that "federal district courts do not, under [section] 1441(c), have discretion to remand claims arising under federal question jurisdiction." In Buchner, the FDIC sued Donald Buchner and others (collectively, the "Buchners") in state court to collect money owed to a bank in receivership. 981 F.2d at 817. The Buchners asserted counterclaims against the FDIC, and four months after those claims were severed from the collection action, the FDIC removed them to federal court. Id. The FDIC's removal was untimely, and the district court granted a motion to remand the claims. Id.

The case continued in state court, and there it would have remained but for a sanctions motion the Buchners filed against the FBI and one of its agents conducting a criminal investigation in connection with the failure of the bank in receivership. See id. The agent removed the entire case, including the previously remanded claims, to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446(b). Id. The Buchners dismissed their sanctions motion against the FBI and its agent and moved for a second remand of the case to state court. Id.

at 818. The FDIC opposed the remand motion, arguing that "the federal district court had no choice but to retain jurisdiction over the case because it involved federal claims and the FDIC was a party." Id. Without addressing the merits of the FDIC's opposition, the district court granted the motion to remand, ruling that the FDIC had "waived its right of removal on those bases long ago." Id.

On appeal, we rejected the district court's waiver analysis, holding that "[t]he fact that the FDIC waived its right to remove the instant case is irrelevant to the determination of whether the case should have or could have been remanded once it had been properly removed by another party who had not waived the right to remove." Id. We then proceeded to consider the merits of the FDIC's opposition to the Buchners' motion to remand, and in doing so, discussed whether the district court had discretion under section 1441(c) to remand the case. We held that it did not:

> [I]f a case is removed from state court on the basis of federal question jurisdiction and that case also includes state law claims, § 1441(c) allows the district court to decide the entire case or, in its discretion, to remand all matters in which state law predominates. As the FDIC is a party to the present suit, all of the component claims are conclusively deemed to have arisen under federal law. And, as § 1441(c) authorizes the federal district court to remand only those matters in which state law predominates, this discretionary remand provision is inapplicable to the instant action.

Id. at 819 (emphasis added). Notwithstanding TAC's reliance on Buchner, this holding—that section 1441(c) is inapplicable to cases comprised entirely of federal claims—does not resolve the question dispositive of the present appeal: whether section 1441(c) authorizes remand of claims conferring removal jurisdiction that are part of a case "in which state law predominates." We thus must look elsewhere in our precedent for guidance.

B.    Eastus and Metro Ford

We next consider *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100 (5th Cir. 1996), and *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998), on which Poche relies in arguing that section 1441(c) permits district courts to "remand [an] entire action, federal claims and all, if the state law claims predominate." *Eastus*, 97 F.3d at 106; *see also Metro Ford*, 145 F.3d at 328. In *Eastus*, Greg and Paige Eastus sued Blue Bell in Texas state court for violation of the federal Family and Medical Leave Act ("FMLA"), intentional infliction of emotional distress, and tortious interference with prospective contractual relations after Greg Eastus lost his job at the company. 97 F.3d at 102–03. Blue Bell removed the case to federal court, and the Eastuses filed a motion to remand the entire case. Id. at 103. The district court remanded the state law intentional infliction of emotional distress and tortious interference claims, but not the federal FMLA claim. Id.

The Eastuses appealed, arguing that the district court abused its discretion in remanding their state law claims. Id. at 104. In considering the appeal, we explained that for remand to be proper under section 1441(c), "the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." Id. Applying this standard, we determined that the intentional infliction of emotional distress claim was not "separate and independent" from their FMLA claim, and accordingly held that "[b]ecause § 1441(c) does not authorize remand of state law claims unless they are separate and independent from the removed federal question claim, the district court abused its discretion by remanding this claim." Id. at 105.

We reached a different conclusion regarding the tortious interference with prospective contractual relations claim. After determining that the tortious interference claim was "separate and independent" from the FMLA claim, we considered the argument that "§ 1441(c) allows remand only when state law predominates as to the entire case" and "because district courts have the power

to remand the entire action, they no longer have the power to remand specific causes of action." Id. at 106. Though we acknowledged that the argument was not without force, we rejected it: "[W]e hold that § 1441(c) still allows the district court to remand separate and independent state claims, if state law predominates as to the individual claim. Therefore, § 1441(c) authorized the district court to remand the tortious interference claim." Id. at 106–07.

It is true, as Poche observes in her brief on appeal, that in discussing the meaning of section 1441(c), we stated that "[c]ourts that have considered the meaning of the new § 1441(c) have decided overwhelmingly that the provision now permits them to remand the entire action, federal claims and all, if the state law claims predominate." Id. at 106. We further stated that the phrase "in which State law predominates" in section 1441(c) "is not superfluous if it is understood to give district courts the power to remand the entire case if state law predominates." Id. Neither of these statements, however, was essential to our holding in Eastus, and in any event, the case did not present the question now before us—whether section 1441(c) permits a district court to remand claims conferring removal jurisdiction. The statements are thus dicta and do not end our inquiry. See, e.g., Breen v. Texas A&M Univ., 485 F.3d 325, 336 (5th Cir. 2007) (recognizing that "statements in . . . cases . . . unnecessary to their holdings . . . constitute[] only non-binding dicta").

Metro Ford Truck Sales, Inc. v. Ford Motor Co., however, comes closer to the mark. In that case, Metro sued Ford in Texas state court, seeking to prevent Ford from terminating Metro's franchise agreement or taking actions to correct problems at Metro uncovered by an audit. Metro Ford, 145 F.3d at 323. After Ford filed counterclaims against Metro and third-party claims against Metro's principal, Metro filed an amended petition that included a claim against Ford for price discrimination under the Texas Antitrust Act. Id. Ford removed the case to federal court on the theory that "the Texas Antitrust Act does not prohibit price discrimination, and, therefore, Metro's antitrust claim for price

discrimination could arise, if at all, only under the federal Robinson-Patman Act, conferring federal question jurisdiction." Id.

After the district court denied Metro's motion for remand, Metro filed an amended complaint asserting claims against Ford for price discrimination and vertical price fixing in violation of federal law, and Ford amended its third-party complaint against Metro's principal to include a RICO claim. Id. The district court granted Ford summary judgment on Metro's antitrust claims, and remanded the entire case, including Ford's federal RICO claim, to state court. Id. at 324. Metro appealed the district court's grant of summary judgment, and Ford appealed the court's remand of its third-party RICO claim and the state law claims. Id.

In arguing that the district court had no authority under section 1441(c) to remand its RICO claim, Ford relied on several cases, including Buchner, in which "the court sought to remand federal claims which would have been otherwise removable." Id. at 328. We explicitly rejected Ford's reliance on these authorities, explaining that Ford's RICO claim did not confer removal jurisdiction:

> The essential concept governing in this appeal, perhaps overlooked by Ford, is that the district court's jurisdiction was derived from a § 1441 removal. When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or counterclaim. Similarly, the defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability.

Id. at 326–28 (footnotes and internal quotation marks omitted).

Were this the extent of Metro Ford's analysis, the case would lend no support to Poche's position—unlike the RICO claim at issue in Metro Ford, her FLSA claim is indisputably "otherwise removable." After discussing the fact that Ford's RICO claim "could not, and did not, confer removal jurisdiction,"

however, we cited Eastus for the proposition that "the new § 1441(c) permits courts to remand an entire action, or distinct claims, both state and federal, if state law predominates." This statement "could be characterized either as an alternate holding or as dicta," cf. Republic of Tex. Corp. v. Bd. of Governors of the Fed. Reserve Sys., 649 F.2d 1026, 1038 (5th Cir. 1981), though at least one unpublished, non-precedential decision of our court has relied upon it in holding that district courts can remand claims conferring removal jurisdiction. See Jones v. Belhaven College, 98 F. App'x 283, 284 (5th Cir. Apr. 8, 2004) (citing Metro Ford, 145 F.3d at 328). We need not navigate the murky waters between alternate holdings and dicta, however, because an earlier precedent, Laurents v. Arcadian Corp., No. 94-41183, 1995 WL 625394 (5th Cir. Oct. 4, 1995), controls.[1]

## C.    Laurents

In Laurents, employees of a chemical plant owned by Arcadian Corporation filed a class action lawsuit against the company and others (collectively "Arcadian") in state court, alleging "a host of state law tort and contract claims involving the collective bargaining agreement between Arcadian and the Lake Charles Metal Trades Council." 1995 WL 625394, at *1. Arcadian removed the case to federal court on the theory that federal question jurisdiction existed under the federal Labor Relations Management Act of 1947. Id. The district court denied the employees' motion to remand. Id.

On appeal, the employees argued that "the district court abused its discretion by failing to remand the entire case to state court pursuant to 28 U.S.C. § 1441(c) because the state law issues overwhelmingly predominate any preempted claims." Id. at *2 (internal quotation marks omitted). We squarely

---

[1] See 5th Cir. R. 47.5.3 (providing that unpublished opinions issued before January 1, 1996, are precedent).

rejected this argument, holding that the district court had no authority to remand claims that conferred removal jurisdiction:

> Although the district court had discretion to remand state law claims that were removed along with one or more federal question claims, it may not remand the component claims that are conclusively deemed to have arisen under federal law, absent a defect in the removal procedure or circumstances rendering the retention of jurisdiction "inappropriate."

Id. To the extent Laurents conflicts with the later-decided Metro Ford, we are bound to follow Laurents. See United States v. Walker, 302 F.3d 322, 324–25 (5th Cir. 2002) (noting "this circuit's rule that one panel may not overrule a prior panel opinion and the earlier precedent controls"). We are thus compelled to conclude, irrespective of the arguments advanced by the parties' very able counsel, that the district court in the present case was without authority to remand Poche's FLSA claim. Having so concluded, we leave the disposition of Poche's state law claims and TAC's counterclaims to the discretion of the district court.

## IV. Conclusion

For the reasons set forth above, we REVERSE the district court's order remanding this case to state court and REMAND for proceedings consistent with this opinion.