Javier SAENZ, Jorge Juarez and
Rebecca Arredondo,
Plaintiffs,

v.

AUSTIN ROOFER'S SUPPLY, LLC,
d/b/a RSGRP Austin, Ltd. and d/b/a
Roofing Supply Group and Arturo
Portillo, Defendants.

No. EP–09–CV–132–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

Oct. 6, 2009.

Raymond D. Martinez, Scherr & Legate, PLLC, El Paso, TX, for Plaintiffs.

Arthur V. Lambert, Kane Russell Coleman & Logan, PC, Dallas, TX, Henry J. Paoli, Scott, Hulse, Marshall, Feuille, Finger, Thurmond, Alejandro Acosta, Ricardo Ortiz, Jr., Bickerstaff, Heath, Delgado, Acosta, LLP, El Paso, TX, for Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiffs Javier Saenz, Jorge Juarez, and Rebecca Arredondo's (Plaintiffs) "Motion for Partial Remand and Brief in Support," filed on May 7, 2009; Defendant Austin Roofer's Supply, LLC's (Austin Roofer's Supply) "Response in Opposition to Plaintiffs' Motion for Partial Remand and Brief in Support," filed on May 15, 2009; and Defendant Arturo Portillo's (Portillo) "Response in Opposition to Plaintiffs' Motion for Partial Remand and Brief in Support," filed on May 15, 2009,[1] and Plaintiffs' "Reply in Support of Their Motion for Partial Remand," filed on May 26, 2009, in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiffs' Motion should be granted in part and denied in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Austin Roofer's Supply is a Texas corporation that sells roofing supplies in the state of Texas. Plaintiffs Javier Saenz and Jorge Juarez were formerly sales representatives employed by Austin Roofer's Supply, while Plaintiff Rebecca Arredondo is currently employed as a sales representative at Austin Roofer's Supply. Defendant Portillo holds the position of manager at Austin Roofer's Supply.

On February 19, 2009, Plaintiffs initiated this action in County Court at Law Number Six in El Paso County, Texas. Pls.' Orig. Pet. 1; Def.'s Notice of Removal 1. Plaintiffs allege in their Original Petition that Austin Roofer's Supply and Portillo failed to pay them overtime wages in violation of the Fair Labor Standards Act (FLSA). Pls.' Orig. Pet. ¶¶ 9–11, 19–20. Plaintiffs further allege that Austin Roofer's Supply breached a contract with Plaintiffs under state common law by failing to pay them commissions for sales of roofing supplies. Id. ¶¶ 8, 27. Finally, Plaintiff Arredondo alleges that Portillo committed common law assault and battery against her in the workplace, and that Austin

---

**1.** Defendant Austin Roofer's Supply, LLC and Defendant Arturo Portillo submitted identical responses to Plaintiffs' motion. For simplici-
ty's sake, citations in this Order are to Portillo's response and the pagination therein.

Roofer's Supply acted negligently in its training, retention, and supervision of its employee Portillo.[2]  *Id.* ¶¶ 12, 28–29.

On April 7, 2009, Defendant Portillo filed a timely Notice of Removal, indicating that Defendant Austin Roofer's Supply consented to and joined in the removal of the action.  Def.'s Notice of Removal ¶ 8.  Defendants asserted federal question jurisdiction as the basis for removal of the FLSA claim, and supplemental jurisdiction under 28 U.S.C. § 1367 (2006) as the basis for jurisdiction over the remaining state law claims.  *Id.* ¶ 8.

On May 7, 2009, Plaintiffs filed the instant Motion for Partial Remand and Brief in Support.  Pls.' Mot. for Partial Remand 1.  Therein, Plaintiffs argue that their claims for breach of contract and Arredondo's claims for assault, battery, and negligent training, retention, and supervision "alleged separate and independent state law claims" and therefore should be remanded in the Court's discretion under 28 U.S.C. § 1441(c)(2006).  *Id.* 4.  Austin Roofer's Supply and Portillo respond that Plaintiffs' state law claims are not "separate and independent," but rather the state and federal claims "arise out [of] a single series of interlocking or intertwined transactions."  Def.'s Resp. in Opp'n 1.  Defendants further assert that judicial economy would be served by deciding all of the claims in one proceeding.  *Id.* 1–2.

## II.  LEGAL STANDARD

### A.  Removal

"Federal courts are courts of limited jurisdiction."  *Peoples Nat'l Bank v. Office of Comptroller of the Currency of U.S.*, 362 F.3d 333, 336 (5th Cir.2004); *accord Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001).  As such, federal courts must "presume[ ] that a [suit] lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  In a removal action, it is the removing party that "bear[s] the burden of establishing jurisdiction."  *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005).  Because removal raises significant federalism concerns, courts must strictly and narrowly interpret the removal statutes, with any doubt construed against removal and in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir.2002).

When a plaintiff chooses to file suit in state court, the defendant may remove the case to federal court if "the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States."  28 U.S.C. § 1441(b).  Typically, courts determine whether a claim arises under federal law by resorting to the well-pleaded complaint rule, wherein "federal jurisdiction exists only when a federal question is presented on the face of [the] plaintiff's properly pleaded complaint."  *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir.2005) (internal quotation marks omitted).  "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject-matter jurisdiction."  *Blanchard v. Wal-Mart Stores, Tex., LP*, 368 F.Supp.2d 621, 623 (E.D.Tex.2005) (citing 28 U.S.C. § 1447(c)(2006)).

### B.  Supplemental Jurisdiction, 28 U.S.C. § 1367(a)

▉ Federal courts must exercise supplemental jurisdiction over state law

---

**2.**  Plaintiffs clarified in their motion to remand that the negligence claim is "solely tied to

Plaintiff [Arredondo's] assault and battery claims."  Pls.' Mot. for Partial Remand 7.

claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," except under certain limited circumstances. 28 U.S.C. § 1367(a). Most courts agree that § 1367 codified the standard for supplemental jurisdiction announced in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567.1 at 337 (3d ed. 2008). In order to decide state claims that lack an independent basis of jurisdiction, a federal court must find that the state and federal claims "derive from a common nucleus of operative facts" and are such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." [3] *Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130. By contrast, where the state and federal claims do not share a common nucleus of operative facts, the state law claims must be dismissed or remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

**C. Removal and Remand Under 28 U.S.C. § 1441(c)**

Section 1441(c) of Title 28 provides a statutory basis for removal to federal court and for discretionary remand to state court of certain claims:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of [Title 28] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

■ The leading case interpreting this section, though it addressed a prior version of the statute in the context of a diversity case, is *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn,* the Supreme Court provided guidance on the meaning of the phrase "separate and independent," noting that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action." *Finn,* 341 U.S. at 14, 71 S.Ct. 534. In order to remand a claim under § 1441(c), it must be "(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 104 (5th Cir.1996).

**III. ANALYSIS**

**A. Fair Labor Standards Act (FLSA) Claim**

■ As an initial matter, the Court acknowledges that it has jurisdiction over the Plaintiffs' Fair Labor Standards Act claim. A claim under the FLSA arises under federal law. *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 694, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003). Therefore, a defendant in a civil action may properly remove a FLSA claim to federal court under 28 U.S.C. § 1441. Accordingly, Plaintiffs do not dispute that their FLSA claim should remain in federal court. Pls.' Mot. for Partial Remand 2. Plaintiffs' motion instead requests that the Court remand only its state law claims for

---

**3.** Though the Supreme Court used somewhat ambiguous language in identifying the two requirements, courts treat the two factors as cumulative. 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567.1 at 341 (3d ed. 2008).

assault, battery, and negligent training, retention, and supervision (hereinafter tort claims), and breach of contract (hereinafter contract claim).[4] *Id.* at 8. The Plaintiffs' tort claims and contract claim will be taken up in turn.

## B. Tort Claims

■ Plaintiffs urge the Court to remand the state law tort claims (assault, battery, and negligent training, retention, and supervision) in its discretion under 28 U.S.C. § 1441(c). Plaintiffs argue that Arredondo's state law claims are "separate and independent" from the FLSA claim under § 1441(c), even though Defendants removed on the basis of § 1441(b) and § 1367 supplemental jurisdiction.[5] However, Plaintiffs' argument that its tort claims are "separate and independent" from its FLSA claim under § 1441(c) raises the more fundamental issue of whether Plaintiffs' federal and state law claims are sufficiently related to warrant supplemental jurisdiction under § 1367(a).

Because the Court may examine the basis for subject matter jurisdiction sua sponte, the Court will address the supplemental jurisdiction issue first. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980) ("It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings.").

In order to exercise supplemental jurisdiction, the Court must find that the Plaintiffs' FLSA claim shares a common nucleus of operative facts with the tort claims of assault, battery, and negligent training, retention, and supervision, and the claims are such that the plaintiff would be expected to try them all in one judicial proceeding. *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130.

In their FLSA claim, Plaintiffs allege that they are non-exempt employees under the FLSA, and that Defendants violated the FLSA by: (1) failing to keep track of Plaintiffs' overtime hours, and (2) pay them one and a half times their regular wage for overtime hours worked. Pls.' Orig. Pet. ¶¶ 9, 19. In their tort claims, Plaintiffs allege that Portillo "pushed into and/or grabbed Plaintiff Arredondo in the workplace," and that Austin Roofer's Supply committed one of a list of negligent acts in the course of training, supervising, or disciplining Portillo. *Id.* ¶ 29. Neither party has offered any specific facts to connect the state law tort claims together with the FLSA claim regarding wages. Defendants, in opposing remand of the tort claims, allege only that all claims in the case share the "same office/workplace," "[a] number of common witnesses," "[t]he same manager involved with the time they worked and the assault and negligence allegations," "[t]he same employer," and "the same time period or overlapping time periods." [6] Def.'s Resp. in Opp'n 5.

On the basis of the facts alleged in the pleadings and motions to date, the Court

---

4. Indeed, the Fifth Circuit recently clarified that a district court lacks discretion to remand the entire action, including the FLSA claim, to state court under 28 U.S.C. § 1441(c). *Poche. v. Texas Air Corps, Inc.*, 549 F.3d 999, 1005 (5th Cir.2008).

5. In the Notice of Removal, Defendants cited generically to "1441" as the basis for removal, but the Court will infer that they removed on the basis of § 1441(a) and (b) rather than § 1441(c) given the language of the notice and the invocation of supplemental jurisdic-

tion under § 1367. Def.'s Notice of Removal ¶¶ 3, 7–8.

6. In fact, Plaintiffs allege that the tortious conduct took place "[o]n or about September, 2003," but neglect to allege a time period for the failure to pay overtime, or the Plaintiffs' dates of employment. Pls.' Orig. Pet. ¶ 12. Therefore, the Court cannot conclude that all relevant conduct took place at or around the same time period.

cannot discern any common basis in fact between the FLSA claim and Arredondo's tort claims aside from the workplace itself and the employment relationship between the parties.

Although the Fifth Circuit has not addressed the issue, the Third Circuit has concluded that the employment relationship alone is insufficient to bring state law claims within the same nucleus of operative facts as a FLSA claim acting as the jurisdictional "hook." In *Lyon v. Whisman*, the Third Circuit found that the district court lacked subject matter jurisdiction over state tort and contract claims [7] brought in an action together with a FLSA claim for failure to pay overtime wages. 45 F.3d 758, 764 (3d Cir.1995). The court noted that the "only link between [plaintiff] Lyon's FLSA and state law claims is the general employer-employee relationship between the parties." *Id.* at 762.

Several district courts in the Fifth Circuit have employed similar reasoning in declining to exercise supplemental jurisdiction in removed actions involving employment relationships. For example, in *Whatley v. Young Women's Christian Association of Northwest Louisiana*, the court found no common nucleus of opera-tive facts between the plaintiff's FLSA claim and state law claims for invasion of privacy, conversion of personal property, intentional infliction of emotional distress, and negligent infliction of emotional distress given that the only nexus between the claims was the employer-employee relationship. No. 06–423, 2006 WL 1453043, at *3–4 (W.D.La. May 18, 2006).

Similarly, the court in *Bates v. Tech Clean Industries, Inc.* determined that a FLSA claim for failure to pay overtime did not "arise out of the same facts" as state law claims for negligence (related to a slip-and-fall injury) and retaliatory discharge. No. Civ.A. 301CV1304L, 2002 WL 32438759, at *3 (N.D.Tex. Oct. 15, 2002). "The only commonality between the claims," the court found, was "that they relate to [plaintiff] Bates's employment … as a whole "[8] *Id.* In *Benton v. Kroger Co.*, a case initially filed in federal court, the court found it could not exercise supplemental jurisdiction over a state law claim for retaliatory discharge (related to a workers' compensation claim) where the federal question in the action was sex discrimination under Title VII. 635 F.Supp. 56, 59 (S.D.Tex.1986). Other district courts around the country have arrived at similar conclusions regarding supplemental jurisdiction in FLSA cases.[9]

---

7. The alleged breach of contract involved payment of a bonus in a lesser amount than promised, while the tort claim alleged that the employer had threatened to withhold a bonus if the employee quit. *Lyon*, 45 F.3d at 759.

8. The court in *Bates* then remanded the state law claims under § 1441(c). *Bates*, 2002 WL 32438759, at *4.

9. *See, e.g., Williams v. Long*, 558 F.Supp.2d 601, 606 (D.Md.2008) (finding no supplemental jurisdiction in a FLSA action over state law counterclaims where "the only connection between the claims and counterclaims" was the plaintiff's "status as an employee" and noting that "numerous federal courts" have refused to exercise supplemental jurisdiction in similar cases); *Wilhelm v. TLC Lawn Care, Inc.*, No. 07–2465, 2008 WL 640733, at *3 (D.Kan. Mar. 6, 2008) ("Because defendant relies solely on its employer-employee relationship with plaintiffs to support supplemental jurisdiction, and does not identify a more specific factual connection between its counterclaims and plaintiffs' FLSA claim, the Court cannot find a common nucleus of operative fact between the causes of action"); *Rivera v. Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 395 (E.D.N.Y.2007) ("Plaintiff's employment relationship is insufficient to create a 'common nucleus of operative fact' where it is the sole fact connecting plaintiff's federal overtime claim and the remaining state law claims."); *Hyman v. WM Fin. Servs., Inc.*, No. 06–CV–4038, 2007 WL 1657392, at *5 (D.N.J. June 7, 2007) (finding

As in these cases, the employment relationship provides the only nexus between Plaintiffs' FLSA claims and Arredondo's tort claims in the instant action. The two claims do not share common facts, and a different body of evidence will be required to prove each one. Thus the Court lacks supplemental jurisdiction as to the tort claims of assault, battery, and negligent training, retention, and supervision and is constrained to remand those claims to state court under § 1447(c). Therefore, the Court need not address Plaintiffs' request for discretionary remand under 28 U.S.C. § 1441(c).

## C. Contract Claim

■ In addition to Arredondo's tort claims, the Plaintiffs allege that Austin Roofer's Supply breached the employment contract by failing to pay each of them commissions on sales of roofing supplies. Pls.' Orig. Pet. ¶¶ 8, 27. Plaintiffs argue that the contract claim is "separate and independent" from the FLSA claim, Pls.' Mot. for Partial Remand 8, while Defendants assert that the FLSA and contract claims are not separate and independent because "in order to determine what, if any overtime is owed, the Plaintiffs need to determine their 'regular rate of pay'" which includes any commission paid or owed, Def.'s Resp. in Opp'n 4–5.

Unlike the tort claims, the contract claim does share a common nucleus of operative facts with the FLSA claim beyond just the employment relationship, and the Plaintiffs should expect to try the contract and FLSA claims in the same proceeding. Both claims emerge from a controversy over Plaintiffs' alleged entitlement to wages and the amount Defendants allegedly failed to pay. To support the

contract and FLSA claims, the parties will rely on substantially the same facts, namely hours worked, wages owed based on hours worked and commissions, and wages actually paid, and there will be substantial overlap in the witnesses and evidence produced for each claim. Thus, the Court has supplemental jurisdiction over the contract claim under § 1367(a).

■ Under a similar rationale, the contract claim cannot be classified as "separate and independent" from the FLSA claim for purposes of § 1441(c), and discretionary remand is not warranted under that section. The central inquiry in determining if a state law claim is "separate and independent" for purposes of § 1441(c) is whether the claims at issue involve a "single wrong" to the plaintiff "arising from an interlocked series of transactions." *Finn,* 341 U.S. at 14, 71 S.Ct. 534. In the FLSA and contract claims, Plaintiffs complain of a single wrong: underpayment of wages owed to them by their employer. The two claims will involve many of the same facts and evidence, as described above. Thus, the Court finds that the alleged underpayment of overtime wages under FLSA and the alleged failure to pay commissions in violation of a contract do not raise "separate and independent" claims for purposes of § 1441(c) and should not be remanded.

## D. Judicial Economy

■ The Court is mindful that remand of the state law tort claims will create two parallel actions, one in state court and one in federal court. However, § 1447(c) mandates remand where the district court finds it lacks subject matter jurisdiction, as it has here, regardless of judicial economy. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[10]

the employer-employee relationship insufficient to confer supplemental jurisdiction).

10. State and federal courts have concurrent jurisdiction over FLSA claims. 29 U.S.C. § 216(b) (2006) ("An action ... may be main-

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs' "Motion for Partial Remand and Brief in Support" should be granted with respect to the tort claims of assault, battery, and negligent training, retention, and supervision, but denied with respect to the contract claim.

Accordingly, **IT IS ORDERED** that Plaintiffs Javier Saenz, Jorge Suarez, and Rebecca Arredondo's "Motion for Partial Remand and Brief in Support" (Docket No. 10) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs Javier Saenz, Jorge Suarez, and Rebecca Arredondo's claims for assault, battery, and negligent training, retention, and supervision are **REMANDED** to County Court at Law Number Six in El Paso County, Texas.

**IT IS FINALLY ORDERED** that the Court will **RETAIN JURISDICTION** over Plaintiffs Javier Saenz, Jorge Suarez, and Rebecca Arredondo's Fair Labor Standards Act and contract claims only.

tained against any employer ... in any Federal or State court of competent jurisdiction ...."); *Breuer*, 538 U.S. at 698, 123 S.Ct. 1882 ("As between a state and a federal forum, the [FLSA] statute seems to betray an indifference ....."). Therefore, Defendants' concern for judicial economy, both in terms of costs and efficient use of judicial resources, does not preclude Defendants from litigating all claims in state court.